IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SEACORP, LLC, <br> f/k/a SYSTEMS ENGINEERING <br> ASSOCIATES CORPORATION, <br>     Plaintiff/Counterclaim Defendant <br> and <br><br> SYSTEMS ENGINEERING <br> ASSOCIATES CORPORATION <br><br>     Counterclaim Defendant <br><br>     v. <br><br> TITAN ONE ZERO LLC, <br><br> Defendant/Counterclaim Plaintiff. | Case No: 1:22-cv-01019-PTG-IDD |

**PROPOSED JOINT DISCOVERY PLAN AND RULE 26(f) CERTIFICATION**

Pursuant to FED. R. CIV. P. 26(f) and this Court's **February 8, 2023** Scheduling Order (ECF 29), counsel for Plaintiff, SEACORP, LLC, formerly known as Systems Engineering Associates Corporation, ("Plaintiff"), Systems Engineering Associates Corporation and counsel for Defendant, TITAN ONE ZERO LLC ("Defendant"), conferred telephonically pursuant to Rule 26(f), to consider the nature and basis of the claims, defenses, and possibility of prompt settlement or resolution of this case, to consider trial before a Magistrate, and to discuss their respective views on how discovery should proceed in this action. The parties submit this Proposed Joint Discovery Plan and Rule 26(f) Certification pursuant to FED. R. CIV. P. 26(f)(2) and Local Civil Rule 26(A).

**I.    INITIAL DISCLOSURES OF ASSERTED CLAIMS**

The Rule 26(a) disclosures shall be augmented as follows:

  A. The parties agree to serve their Rule 26(a)(1) disclosures on or before **March 17, 2023**.

  B. This Discovery Plan shall not be construed to limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures consistent with the Federal Rules.

## II. DISCOVERY

  A. The parties agree that all discovery shall be completed by **Friday, <u>June 16, 2023</u>**, pursuant to this Court's **February 8, 2023,** Scheduling Order.

  B. The Parties expect discovery to be required on the allegations of the Complaint and Counterclaims filed in this matter and any denials and defenses that may be raised, as well as asserted damages. The Parties agree that the scope of discovery shall be limited to those topics permissible under Rule 26(b).

  C. The parties agree that each will provide or make all materials obtained from third parties pursuant to FED. R. CIV. P. 45 available to the other party within five (5) business days of receipt.

  D. The parties agree that discovery of confidential, proprietary, trade secret and/or commercially sensitive information, is likely to occur, and that production of documents, things, or testimony containing or reflecting such information shall occur under a protective order. Counsel agrees to discuss entry of a stipulated protective order. Plaintiff shall circulate a proposed draft that includes provisions for producing documents and things for attorneys' eyes only. The parties will then work together to agree on a Protective Order consistent with the requirements of the Local Rules and in accordance with Federal Rule of Evidence 502(d). The parties intend to seek discovery with respect to all allegations contained in the Complaint and any amendments

thereto filed by Plaintiff, and in any Answer and any amendments thereto, including any Affirmative Defenses and any Counterclaims, if any, filed by Defendant.

  E. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the parties and on any third parties. The parties will take no more than five (5) non-party, non-expert depositions each, in accordance with the Court's **February 8, 2023,** Scheduling Order.

  F. Pursuant to Fed. R. Civ. P. 26(f), the Parties understand the obligation to preserve discoverable information during the pendency of this litigation.

  G. At this time, Titan One Zero, LLC represents that it intends to request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia be changed to permit the parties to propound a total of 40 interrogatories based on the additional claims brought in Titan's Counterclaim, which involve facts not set forth in the Plaintiff's Amended Complaint. Plaintiff objects to Defendant's request for interrogatories in excess of the 30 interrogatories permitted by the Federal Rule of Civil Procedure and the Local Rules of this Court, as disproportionate to the needs of this case.

  **III. ELECTRONICALLY STORED INFORMATION**

  The parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the parties agree to confer in good faith and if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

  The Parties agree that any production of ESI, including but not limited to electronic mail

("e-mail") and word processing files, will be in searchable portable document format ("PDF"), with the exception of certain spreadsheets, schedules and audio/video recordings, which may be disclosed in its native format to the extent technically feasible or in any other format agreed upon at the time of production that allows receiving Party to readily read it without the need for special software. The Parties have generally agreed to the production of documents in text-readable PDF format to the extent possible. Production of such information shall otherwise be in accordance with Fed. R. Civ. P. 34(b). The media to be used in the production of ESI shall be either electronic or by a portable storage medium (such as CD-ROM, DVD-ROM, or external drive). If any responsive ESI is not reasonably accessible, i.e., is only accessible by incurring undue burdens or costs, the Parties will meet and confer before bringing any such issue to the Court's attention.

### IV.    PRIVILEGE LOGS

A.    The parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and privileged documents and things created after the date of the filing of the Complaint (excluding documents presented to expert witnesses pursuant to FED R. CIV. P. 26) need not be identified on any such privilege log. The party responding to discovery shall provide a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other Parties to assess the claim.

B.    The parties agree that inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a

waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege. Upon discovery of any such inadvertently produced or disclosed material, the producing party shall promptly provide written notice to the receiving party and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient Party shall comply with the producing Party's request to cease review of the inadvertent production. Such inadvertently produced or disclosed material, including all copies thereof, shall be either returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect or discuss the content of such privileged material. Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction. To the extent that the producing Party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving Party, the producing Party shall bear the costs of the return or destruction of such electronic copies.

To the extent that the information contained in a document subject to a claim hereunder has already been used in or described in other documents generated or maintained by the receiving Party, then the receiving Party will sequester such documents until the claim has been resolved. If the receiving Party discloses the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve the information until the claim is resolved.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it

be returned. The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure. The party claiming privilege on documents that are the subject of a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the filing of its response to the motion to compel.

If any receiving Party is in receipt of a document or information from a producing Party that the receiving Party has reason to believe was unintentionally produced by the producing Party, the receiving Party shall in good faith take reasonable steps to notify the producing Party of the production of that document so that the producing Party may make a determination of whether such document was unintentionally produced.

The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and FED. R. CIV. P. 26(b)(5)(B).

## V.  EXPERT DISCLOSURES

The parties agree that expert discovery may be necessary. In that event, and in accordance with the timing set forth in the Local Civil Rules, the parties jointly propose the following deadlines:

A. The party that carries the burden of proof on a given claim shall serve expert disclosures required by FED. R. CIV. P. 26(a)(2) by April 28, 2023.

B. Rebuttal expert reports shall be served by May 26, 2023

C. Reply expert reports shall be served by June 9, 2023

D. The parties agree that all Daubert motions to exclude experts or expert testimony and all motions in *limine* shall be filed in time to be heard at least two (2) weeks before the trial date. In advance of a hearing date, the parties involved shall prepare and submit a proposed briefing

schedule.

## VI. SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES.

The parties agree that all pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided by the Federal Rules and Local Rules. In addition, the parties agree to serve by e-mail, or electronic format on an editable CD or thumb drive, all discovery requests and written responses and other papers that are not filed. When serving by e-mail, the serving party shall attach the pleading or paper in "Portable Document Format" (.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via service with the ability to "track" deliveries and verify receipt or via a Workshare or other comparable web hosting service agreeable to the parties. Service of discovery requests, objections, and responses by e-mail prior to 11:59 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt.

## VII. MODIFICATION

The parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

## VIII. SETTLEMENT CONFERENCE

The parties will be discussing the possibility of settlement on this matter. The court will be notified if a settlement is reached. The parties agree that a settlement conference may be requested at any time in this case. The Court may refer the parties to consult with the Magistrate Judge or

another regarding settlement.

IX.   **SUMMARY JUDGMENT**

The parties agree that any summary judgment motions shall be filed by **Friday, June 30, 2023**. Briefs in opposition to summary judgment and reply briefs shall be filed on or before the deadlines as set forth in the Local Rules of the Eastern District of Virginia or any Order of the Court.

IX.   **FINAL PRETRIAL CONFERENCE**

Pursuant to this Court's **February 8, 2023,** Scheduling Order, the Final Pretrial Conference will be held on **Wednesday, June 21, 2023** at **10:00 a.m.** The parties understand that the Court will set the trial date at the Final Pretrial Conference. The parties agree to file Rule 26(a)(3) disclosures and a list of exhibits to be used at trial, a list of witnesses to be called at trial and a written stipulation of uncontested facts on or before **Wednesday, June 21, 2023**.

X.   **TRIAL**

A.   The parties do not wish to proceed before a Magistrate Judge, except, as noted, with respect to settlement conferences.

**THE PARTIES AGREE TO WAIVE THE HEARING ON THE INITIAL PRETRIAL CONFERENCE, SET FOR WEDNESDAY, March 15, 2023, AT 11:00 A.M.**

Date: March 7, 2023                                               Respectfully submitted,

By:/s/ *Matthew E. Feinberg*                                      By: /s/ *Kristen E. Loesch*
Matthew E. Feinberg, Esq.                                         Kristen L. Loesch, Esq.
Todd Reinecker, Esq. (*Pro Hac Vice*)                             Matthew R. Keller, Esq.
Mansitan Sow, Esq.                                                PRAEMIA LAW, PLLC
PILIEROMAZZA PLLC                                                 11710 Plaza America Drive, Suite 2000
1001 G Street NW, Ste.1100                                        Reston, VA 20190
Washington DC 20001                                               Telephone: (703) 399-3603
Telephone: (202) 857-1000                                         Facsimile: (703) 399-3603
Facsimile:  (202) 857-0200                                        Email: kristen.loesch@praemialaw.com
Email: mfeinberg@pilieromazza.com                                        matthew.keller@praemialaw.com

      treinecker@pilieromazza.com        *Counsel for Defendant*
      msow@pilieromazza.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2023, the foregoing Proposed Joint Discovery Plan and Rule 26(f) Certification was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                 */s/s Matthew E. Feinberg*
                                                 Matthew E. Feinberg, Esq.
                                                 *Counsel for Plaintiff*