IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SEACORP, LLC f/k/a<br>SYSTEMS ENGINEERING<br>ASSOCIATES CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>TITAN ONE ZERO LLC,<br><br>　　　　　　　　　Defendant. | Case No. 1:22-cv-1019 (PTG/IDD) |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Exceed the Page Limitation on Its Response to Defendant's Motion for Summary Judgment filed on August 1, 2023. Dkt. 51. In its Motion, Plaintiff requests ten additional pages for its opposition brief to Defendant's Motion for Summary Judgment. *Id.* at 1. Defendant filed its opposition to Plaintiff's Motion the same day. Dkt. 52.

Local Civil Rule 7(F)(3) provides that "[e]xcept for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced[.]" Plaintiff contends that it needs an additional ten pages to oppose Defendant's Motion for Summary Judgment because "[t]he genuine disputed material facts related to SEACORP's breach of contract claim are complex," and Plaintiff emphasizes "the necessity to provide context for many of Defendant's 88-paragraph (12-page) Statement of Uncontested Facts, the vast majority of which represent misleading, selectively-quoted deposition testimony of various deponents, and other documents in the record." Dkt. 51 ¶ 2. Plaintiff continues that "the sheer quantity of Defendant's purported uncontested facts

requires significant pagination. In addition, because SEACORP has a number of arguments opposing the Motion for Summary Judgment, SEACORP has been unable to confine its opposition to the Local Rules' page limit." *Id.* ¶ 3.

Under Local Civil Rule 56(B), a summary judgment brief must include a recitation of all facts the party contends are material, "citing the parts of the record relied on to support the listed facts as alleged to be" undisputed or disputed. Defendant has complied with Local Civil Rule 56(B), filing a thirty-page brief in support of its Motion for Summary Judgment. *See* Dkt. 46. Defendant argues that it "was able to state its facts, as well as brief its arguments within thirty pages. Plaintiff has demonstrated no reason why it cannot address the same facts in the same space." Dkt. 52 at 2. The Court agrees. *See, e.g., Dag Petroleum Suppliers, LLC v. BP P.L.C.*, No. 1:05-cv-1323, 2006 WL 2345908, at *2 (E.D. Va. Aug. 9, 2006) (denying plaintiff leave to file an oversized summary judgment opposition brief); *Mann v. Heckler & Koch Def., Inc.*, No. 1:08-cv-611, 2009 WL 1248994, at *2 (E.D. Va. Apr. 30, 2009) (striking plaintiff's statement of material facts and brief and ordering a single document be filed in compliance with the Local Civil Rules); *cf. Waste Mgmt., Inc. v. Great Divide Ins. Co.*, No. 3:17-cv-60, 2018 WL 10454868, at *3 (E.D. Va. May 1, 2018) (noting "that many parties within this jurisdiction succeed in briefing factually and legally complex issues without exceeding the existing page limits"). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Exceed the Page Limitation on Its Response to Defendant's Motion for Summary Judgment (Dkt. 51) is **DENIED**.

Dated: August 3rd, 2023

/s/
Patricia Tolliver Giles
United States District Judge